# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MARK STEWART HUNT**                                                              **PLAINTIFF**

**V.**                          **NO. 4:22-cv-01249-LPR-ERE**

**TACKETT and DOE**                                                              **DEFENDANTS**

## RECOMMENED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation for the dismissal of Mr. Hunt's claims has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.    Background:**

Plaintiff Mark Stewart Hunt, an inmate at the Saline County Detention Center ("Detention Center"), filed this *pro se* § 1983 civil rights lawsuit. *Docs. 2, 4, 5*. The

Court previously reviewed Mr. Hunt's complaint and his amended complaints as required by the Prison Litigation Reform Act (PLRA).[1] 28 U.S.C. § 1915A(a).

In his original complaint and first and second amended complaints, Mr. Hunt alleged that on November 9, 2022, unidentified Pulaski County deputies transported him from Gravel Ridge to the nearest gas station without seatbelt restraints. *Docs. 2, 4, 5*. He alleged that the driver stopped abruptly, causing him to suffer an injury to his rib cage, and once he arrived at the Detention Center, Detention Staff ignored his requests for medical treatment. *Id.*

Because Mr. Hunt's complaints were flawed, the Court postponed the screening process mandated by 28 U.S.C. § 1915A(a) and provided Mr. Hunt an opportunity to file a third amended complaint. *Doc. 6*. The Court specifically instructed Mr. Hunt that, if he filed a third amended complaint, he should: (1) only include claims arising out of the same transaction or occurrence that he intends to pursue in this case (and which are not already pending in another lawsuit); and (2) specifically identify only those Defendants involved in the events giving rise to the

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

claim or claims he is pursuing in this case. The Court also advised Mr. Hunt that, if he sought to proceed on the claim that the Pulaski County deputies who transported him "from Gravel Ridge"[2] on November 9, 2022, were deliberately indifferent to his safety, he should explain: (1) why he was being transported; (2) whether he was already in custody or had been placed under arrest before being transported; and (3) why the deputies took him with them to the gas station.

Mr. Hunt has now filed his third amended complaint. *Doc. 9*. For the reasons stated below, the Court recommends that Mr. Hunt's third amended complaint be dismissed, without prejudice, based on his failure to state a plausible constitutional claim for relief.

### III. <u>Discussion</u>:

#### A. **Standard**

To survive screening under the PLRA, Mr. Hunt's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief; instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2] *Doc. 5 at 1.*

defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

### B. Analysis

In his third amended complaint,[3] Mr. Hunt alleges that, on November 9, 2022, while he was in custody at the Saline County Detention Center, Officer Tackett and an unidentified "commanding officer," placed him in the police cruiser without securing his seatbelt "voluntarily placing [him] in harm's way." *Doc. 9 at 4*. While being transported, Officer Tackett suddenly applied his brakes.[4]

At most, Mr. Hunt alleges facts that rise to the level of negligence, which is not actionable under 42 U.S.C. § 1983. A § 1983 action must be premised upon a violation of the United States Constitution or a federal statute. See *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019) (explaining that deliberate indifference is more than negligence or gross negligence and requires culpability akin to criminal recklessness); *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983

---

[3] Mr. Hunt's third amended complaint is the operative complaint in this case. The Court previously notified Mr. Hunt that his third amended complaint would supersede, or replace, his previously filed complaints. *Doc. 6 at 2* (citing *In re Atlas Lines, Inc*. 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect)).

[4] Mr. Hunt's third amended complaint also fails to allege that he suffered any injury as a result of the incident. His second amended complaint alleged that he suffered an injury to his rib cage. Even assuming that Mr. Hunt suffered an injury during this incident, Mr. Hunt's claims should not proceed.

claim).

Because Mr. Hunt has failed to allege facts stating a plausible constitutional claim for relief, his third amended complaint should be dismissed.[5]

## IV.    Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.    Mr. Hunt's third amended complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.    In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

3.    The Clerk be instructed to close this case.

Dated this 9th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] Mr. Hunt is free to pursue state law claims of negligence in an Arkansas state court. His pleading does not clearly indicate an intent to also bring a state law claim for negligence in this action. However, since his federal claims are being dismissed, the Court should decline to exercise jurisdiction over any supplemental state law claims that Mr. Hunt intended to bring. See 28 U.S.C. § 1367(c)(3) (a court may "decline to exercise supplemental jurisdiction over a claim ... [if] the district court has dismissed all claims over which it has original jurisdiction."); *Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998) (holding district court, which had dismissed federal claims on which original jurisdiction was based, did not abuse its discretion in declining to exercise supplemental jurisdiction over pendent state law claim).